

**ORDERED in the Southern District of Florida on December 9, 2014.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

_____
                              )
In re:                        )    CASE NO. 13-39435-BKC-RAM
                              )    CHAPTER  13
JAMES GIBSON, III             )
                              )
         Debtor.              )
_____)

ORDER DETERMINING ALLOWABLE MORTGAGE
EXPENSE DEDUCTION IN STATEMENT OF CURRENT MONTHLY INCOME

Since the enactment of the Bankruptcy Prevention and Consumer Protection Act of 2005, consumer debtors have been required to fill out a detailed statement of income and expenses. In chapter 13 cases, it is called the chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, often referred to by

1

its form number, Form B-22C or, as referred to in this Order, the "CMI Form."

The deductions allowed in calculating disposable income for plan purposes under 11 U.S.C. §1325(b) include certain items tied to actual expenses and certain categories of expenses in which the deduction is tied to Internal Revenue Service ("IRS") standards.

The dispute in this case between the chapter 13 trustee (the "Trustee") and the Debtor is over the amount of deductions available for regular mortgage payments and arrears payments. Specifically, in a cure and maintain plan in which the Debtor is making his regular mortgage payment and a payment each month to cure prepetition arrears, must the cure payment listed in line 48 of the CMI Form be deducted from the IRS Standard Allowance in line 25B?

## Procedural Background

The Debtors Amended CMI Form was filed on October 10, 2014 [DE #73]. The Debtor and the Trustee each filed memoranda on the disputed issue [DE ##77 and 78] and at the November 10, 2014 confirmation hearing, the Court announced that it would review the memoranda and issue an Order resolving the dispute.

## Discussion

The material facts are not in dispute. The line 25B IRS Standard for mortgage/rent expense for this Debtor is $1,870. The debtor's regular monthly mortgage payment is $1,111.72 and the monthly cure payment required under the plan is $120.72. As evident from these amounts, the Debtor's actual mortgage expense including the arrears payment is less than the IRS Standard. The Trustee agrees that the Debtor is entitled to the IRS Standard deduction. What the Trustee strongly disputes is the Debtor's Amended CMI Form which results in the Debtor getting a total mortgage related deduction in the amount of $1,990.72, a sum greater than the IRS Standard and much greater than the actual mortgage payment plus the cure amount. When viewed in this light, obviously this cannot be the right result. However, to describe and resolve the issue requires a death march through the convoluted structure of the CMI Form and the dense language of 11 U.S.C. §707(b)(2)(A)(iii).

As described more generally earlier, the CMI Form instructs debtors to deduct living expenses from their income to determine their Monthly Disposable Income under 11 U.S.C. §1325(b)(2). The deductions in Subpart A of Part IV of the CMI Form are based on IRS standards pegged to a debtor's family size. Line 25B in Subpart A allows deductions for mortgage/rent expenses. Line 25B

3

has three subsections: sub-line a, which requires debtors to input the IRS monthly standard expense for mortgage or rent, sub-line b, which inputs the "Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47," and sub-line c, which asks debtors to subtract sub-line b from sub-line a.

The dispute between the Debtor and the Trustee arises with respect to sub-line b and line 47 of the CMI Form. Line 47 states:

> **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47.

The Debtor, in what he says is a plain reading of the CMI Form, argues that for purposes of sub-line b, the Debtor only has to input, as per line 47, the regular monthly mortgage payment that is contractually due, and does not have to include the monthly arrears payment, which is separately listed in line 48 of the CMI Form. The Trustee is correct in her argument that

4

this interpretation results in a windfall to the Debtor. The Debtor in this case cannot deduct more than the $1,870 IRS monthly standard expense for mortgage or rent. By not including the additional $120.72 arrears payment in sub-line b, but then including it later in line 48, the Debtor is getting an additional $120.72 deduction to his Monthly Disposable Income, and therefore inappropriately reducing the payment to unsecured creditors.

The Trustee relies first on the statute, specifically 11 U.S.C. §707(b)(2)(A)(iii), and argues that, notwithstanding the language in the CMI Form, the statute controls, not the form. *See Schwab v. Reilly*, 560 U.S. 770, 779 n.5 (2010) ("[F]orms, rules, treatise excerpts, and policy considerations… must be read in light of the Bankruptcy Code provisions that govern this case, and must yield to those provisions in the event of conflict.").

Section 707 discusses a debtor's disposable income and related calculations in determining whether chapter 7 cases need to be dismissed or converted. In chapter 13, section 707 is brought in by 11 U.S.C. §1325(b)(3). Section 707(b)(2)(A)(iii) states that a debtor's average monthly payment on secured debt is calculated by adding:

> (I) the total of all amounts scheduled as contractually due to secured creditors in

5

> each month of the 60 months following the
> date of the filing of the petition; and
> (II) any additional payments to secured
> creditors necessary for the debtor, in
> filing a plan under chapter 13 of this
> title, to maintain possession of the
> debtor's primary residence, motor vehicle,
> or other property necessary for the support
> of the debtor and the debtor's dependents,
> that serves as collateral for secured debts;

The Debtor's arrears payment is clearly necessary for the Debtor to maintain possession of the property. Therefore, notwithstanding the language in line 47 that refers to just the contractually due mortgage payments, pursuant to section 707(b)(2)(A)(iii), the debtors average monthly payment on its secured mortgage debt includes the arrears payment under the plan.

The Trustee's argument is bolstered by changes in the new Form B-22C-2, which corrects the prior inconsistency in line 25B. On December 1, 2014 Form B-22C was superseded by Official Forms B-22C-1 and B-22C-2. The new Form B-22C-2 provides for deductions of mortgage or rent expenses in line 9, and replaces the old line 25B. The new line 9a, much like sub-line a in 25B of the old CMI Form, inputs the IRS monthly standard expense for mortgage or rent, and the new line 9b, expands or clarifies the old sub-line b by directing debtors to input the "[t]otal average monthly payment for all mortgages **and other debts**

**secured by your home**." [emphasis added]. Finally, the new line 9c, much like the old line C, asks that debtors subtract the new line 9b from the new line 9a.

The changes in Form B-22C-2 clarify that an arrears payment needs to be added to line 9b and subtracted from line 9a, if a debtor intends to ultimately subtract an arrears payment from his Monthly Disposable Income. This all sounds complicated, but it is structured so that at the end of the day, if a debtor's monthly contractual mortgage payment and arrears payment total less than the IRS Standard, that debtor cannot deduct more than the IRS Standard. *See In re Demonica*, 345 B.R. 895, 902 (Bankr. N.D. Ill. 2006) and *In re Hardacre*, 338 B.R. 718, 727-28 (Bankr. N.D. Tex. 2006). In the old CMI Form, arrears payments get added back in line 48, and in the new B-22C-2, in line 34. The Debtor in this case inappropriately reduced his Monthly Disposable Income by $1,990.72, instead of the IRS Standard of $1,870, by not including the $120.72 arrears payment in sub-line b of line 25B and then including it in line 48 of the CMI Form. Therefore, it is-

 **ORDERED** as follow:

 1.    The Debtor is directed to file an Amended CMI Form listing $1,232.44 in line b of line 25B, calculated as the sum of the $1,111.72 regular mortgage payment and the monthly cure

payment of $120.72. Because these amounts are taken as deductions in line 47 and line 48, the end result is that the Debtor gets the benefit of the IRS standard deduction of $1,870.

2.    The Debtor shall file a Fourth Amended Chapter 13 Plan consistent with this Order.


                                    ###

COPIES TO:

Mitchell J. Nowack, Esq.
Nancy K. Neidich, Trustee